```
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

JULIA R. COHEN,

    PLAINTIFF

    vs                                    COMPLAINT [JURY TRIAL]

THE CITY OF NEW YORK, a municipal
entity, NEW YORK CITY POLICE OFFICERS
STEVEN CHOINSKI, Shield # 28673, and
"JOHN DOES" and "SALLY ROWES",
individually and in their official
capacities, JOSEPH ESPOSITO, individually
and in his official capacity as Chief of
the New York City Police Department,
RAYMOND KELLY, individually and in his
official capacity as New York City Police
Commissioner, BRUCE SMOLKA, individually
and in his official capacity as an
Assistant Chief in the New York City
Police Department and in Patrol Borough
Manhattan South,

    DEFENDANTS
_____
```

I.   INTRODUCTION

1.   This is an action against the Defendant parties, individually and collectively, for the violation of the Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under the laws and Constitution of the State of New York.

2.   This case arises out of the arrest and associated and inter-related criminal prosecution of the Plaintiff, Julia R. Cohen, on Friday, August 27, 2004 in the vicinity of 34th Street and Seventh Avenue, New York City, New York  during the evening hours  and the Plaintiff's subsequent detention and the terms and conditions of her detention and, in addition thereto, the

utilization of unnecessary, unreasonable and excessive force in the form of excessive handcuffing; and, as well, the punitive and retaliatory conduct and actions against the Plaintiff because of her legitimate, reasonable, and protected speech activities.

3.  The Plaintiff seeks monetary damages for her wrongful and unlawful false arrest and her wrongful and unlawful detention and incarceration and for the preferral of criminal charges and the malicious prosecution of the Plaintiff associated therewith and for subjecting the Plaintiff to the wrongful and unnecessary and unreasonable and excessive use of force and, otherwise, for subjecting the Plaintiff to malicious abuse of criminal process, and for the unreasonable and unlawful manner and fashion and conditions of the Plaintiff's detention and for the retaliatory and punitive conduct against the Plaintiff because of her reasonable and legitimate and protected speech activities.

## II. JURISDICTION

4.  Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 [3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

5.  Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Claim and Pendent Party Jurisdiction. The Plaintiff requests that the Court exercise its powers to invoke pendent claim and pendent party

jurisdiction over and against the Defendant parties.

6. The State law claims have a common nucleus of operative fact with the federally based claims and they arise out of the same transaction and occurrence giving rise to the Plaintiff's federally based claims and causes of action.

7. The value of the rights in question and the damages and injuries to the Plaintiff flowing from the violation thereof is in excess of one hundred thousand dollars.

8. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice.

9. This is an action in which the Plaintiff seeks relief for the violation of her rights as guaranteed under the laws and Constitution of the United States and the laws and Constitution of the State of New York.

### III. PARTIES

10. The Plaintiff is an American citizen and resident of the City of New York, the County of Queens, the State of New York. The

11. The Defendant City of New York is a municipal entity existing pursuant to and under the laws and Constitution of the State of New York.

12. Defendants Steven Choinski, Shield # 28673, "John Does"

and "Sally Rowes" are New York City Police Officers. Joseph Esposito is the Chief of the New York City Police Department. Raymond Kelly is the New York City Police Commissioner. Bruce Smolka is an Assistant Chief and believed to be, at present, the Commanding Office of Control Borough Manhattan South and who, it is believed, was, at the time in question and along with Defendants Kelly and Esposito, responsible for the planning and oversight and implementation of the Republican National Convention ["RNC"] policing operations including the arrest and detention operations that were carried out and to which the Plaintiff was subjected as part of the Critical Mass Bicycle ride which took place on August 27, 2004, the Friday night prior to the convening of the Republican National Convention which meetings, in New York City, commenced on Monday, August 30, 2004. All of the Defendants are sued in their individual and official capacities. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as employees and agents of the City of New York and incidental to the otherwise lawful performance of the same.

## IV. ALLEGATIONS

13. The Plaintiff is Julia R. Cohen.
14. The Plaintiff is forty seven years of age.
15. The Plaintiff's birth date is April 11, 1958.
16. The Plaintiff resides at 79-110 34th Avenue, Jackson

Heights, Queens, New York 11372.

17. This Complaint arises out of the Plaintiff's arrest and associated preferral of criminal charges against her and her malicious prosecution, the latter of which resulted in the Plaintiff's acquittal, after a bench trial, of criminal charges preferred against her by the Defendants. The acquittal occurred on or about May 10, 2005, and all associated with and inter-related to her false arrest, false imprisonment, detention and subsequent malicious prosecution.

18. Within ninety days of her arrest on August 27, 2005, the Plaintiff filed a timely Notice of Claim related to her arrest and all flowing therefrom.

19. Within ninety days of her acquittal of the charges[s] preferred against her the Plaintiff filed a Notice of Claim related to malicious prosecution, malicious abuse of criminal process, retaliation because of her exercise of her First Amendment protected speech and associational activities, and any and all relevant claims including any and all constitutional equivalents thereof.

20. The Plaintiff is an attorney and a member of the law firm of Shebitz Berman & Cohen, P.C.

21. The Plaintiff was serving as a volunteer Legal Observer with the National Lawyers Guild ["NLG"] in the days prior to and during the Republican National Convention ["RNC"].

22. The Plaintiff was arrested on August 27, 2004 during the course of a bicycle event called "Critical Mass".

23.  The Plaintiff was arrested in the vicinity of the intersection of West 34th Street and Seventh Avenue.

24.  At the time of her arrest, the Plaintiff was serving in her voluntary capacity as a Legal Observer.

25.  The Plaintiff was assigned to observe the Critical Mass ride and the conduct of the participants and the police and particularly the interactions of the police and the Critical Mass participants.

26.  The Plaintiff was clearly identified as a Legal Observer.  The Plaintiff was wearing a bright green baseball hat, one that Legal Observers have worn for a number of years and of which law enforcement personnel in the City of New York recognize given that NLG observers regularly attend demonstration events to monitor the event and to monitor conduct of the participants at the event and the interaction of police officers and participants at the demonstration event.

27.  The City of New York was aware that Legal Observers would be present at demonstration events throughout the Republican National Convention and demonstration events and other First Amendment protected speech activity events associated with the convening of the Republican National Convention in New York City.

28.  The City of New York had, in the past, worked with NLG Legal Observers at demonstration events held in New York City.

29.  From the beginning of the Critical Mass ride and for nearly fourteen miles, the police accompanied bicycle riders,

6

leading the ride with marked and unmarked police vehicles, stopping traffic for the ride and otherwise enabling it and ensuring the riders' safety.

30. Upon information and belief, for approximately eight [8] years prior to the Critical Mass ride on August 27, 2004, the New York City Police Department accompanied Critical Mass bicycle riders, led the ride with marked and unmarked vehicles stopped traffic for the bicyclists, utilized patrol officers on foot to assist in the ride and to assist the riders, and otherwise enabled the Critical Mass ride and ensured the participating riders' safety therein.

31. Upon information and belief, Critical Mass bicycle rides had taken place in New York City on the last Friday of every month throughout the year for approximately eight [8] years prior to August 27, 2004.

32. At some point on August 27, 2004, in the vicinity of 34th Street and Seventh Avenue, the police changed their tactic, closed off the streets, and began arresting riders and others without any warning whatsoever.

33. At the time of the commencement of the unprovoked and unannounced arrest activities as described and at the time that the Plaintiff was arrested, the Plaintiff was a clearly identified Legal Observer who was wearing the bright green baseball hat that identified her as such.

34. The Plaintiff was near a group of bicyclists.

35. The Plaintiff had absolutely no relationship with or

connection to those bicyclists other than to be in their vicinity as a clearly identified Legal Observer who was watching the activities then on going and particularly and especially the interaction of the Critical Mass participants and the line and command police officers then present at the location.

36. It is believed that, notwithstanding that the police knew the Plaintiff to be a Legal Observer and properly at the location and simply monitoring activities of the police and the Critical Mass participants and that she was not doing anything whatsoever that was unlawful but rather was engaged in lawful and reasonable activities, none of which could by any objective criteria be deemed to be criminal or otherwise unlawful in any respect, Defendants nonetheless, and without probable cause, intentionally and maliciously arrested the Plaintiff and otherwise preferred criminal charges against the Plaintiff and, based thereon, intentionally and maliciously participated in the prosecution of the Plaintiff in the Criminal Court proceedings that ensued until the Plaintiff was eventually acquitted of the charges which had been intentionally, maliciously and without probable cause preferred against the Plaintiff.

37. After her arrest, the Plaintiff was detained and held in custody for approximately sixteen hours until she was issued a Desk Appearance Ticket.

38. On September 13, 2004, the Plaintiff appeared at an arraignment.

39. The Plaintiff was charged with two counts of disorderly

conduct pursuant to Section 240.20(5) of the New York State Penal Law, one count of disorderly conduct pursuant to Section 240.20(6) of the New York State Penal Law, and one count of parading without a permit pursuant Section 10.110 of the New York City Administrative Code.

40. Thereafter, the Plaintiff appeared in Court on at least six occasions.

41. On February 7, 2005, the Honorable Melissa Jackson, Judge, Criminal Court of the City of New York, County of New York, issued a Decision and Order dismissing the one count of disorderly conduct that had been preferred against the Plaintiff pursuant to and under Section 240.20(6) and dismissing the one count of parading without a permit that had been preferred against the Plaintiff pursuant to and under Section 10.110 of the New York City Administrative Code.

42. Subsequently, the Plaintiff went to trial on a remaining charge which had been preferred against her as described.

43. After a bench trial, which was held during the week of May 9, 2005, the Plaintiff was acquitted of the charge which had been preferred against her and a judgment of acquittal was duly entered on or about May 10, 2005.

44. The Criminal proceedings resulted in a merits based, favorable termination of the criminal charges preferred against the Plaintiff in all respects.

45. The Plaintiff was arrested and charged, and prosecuted without probable cause.

46. The Plaintiff was intentionally and maliciously arres6ed, charged, and prosecuted.

47. The Plaintiff suffered injuries and damages, which were the proximate result of, her probable cause lacking, intentional, and malicious, arrest, preferral of charges and prosecution, the latter of which ended in a favorable, merits based termination of the proceedings.

48. The Plaintiff was subjected, by her arrest, by the preferral of criminal charges, and by her prosecution and all associated therewith, to an intentional and malicious abuse of criminal process.

49. The Plaintiff's probable cause lacking and intentional and malicious  arrest, preferral of charges, and prosecution were the direct result of the participation, actions and conduct of the Defendant New York City line and command Police Officers herein, without which actions, conduct, and participation, all of which were intentional and malicious, the Plaintiff's arrest, the preferral of charges, and her prosecution could not and would not have occurred. The Defendant New York City Police Officers' intentional and malicious actions, conduct propelled the wrongful arrest and wrongful preferral of charges against the Plaintiff and her malicious prosecution and all associated with all aspects thereof.

50. The actions, conduct, and participation of the New York City Police Officers herein were propelled by the policies and practices of the City of New York which policies and practices of

the City of New York were put into place for the purposes of policing demonstration events and other events associated with the Republican National Convention being held in the City of New York.

51.    Those policies and practices were predicated on an "ends justifies the means" philosophy.

52.    Those policies and practices were designed to sweep people off the streets at the time of First Amendment speech protected speech activities which were on going in connection with the Republican National Convention and, then, thereafter, to "sort it all out".

53.    Thus and as a consequence of New York City adopting and implementing Republican National Convention policing policies and practices, the Plaintiff, who was doing nothing other than legitimately, lawfully, peacefully, and reasonably observing the interaction between police and Critical Mass participants at a First Amendment protected speech activity on August 27, 2004, in her capacity as a clearly marked and identified Legal Observer, was, for no legitimate law enforcement purpose, intentionally and maliciously arrested and prosecuted and subjected to the malicious abuse of criminal process, all to no end resulting, in the end, in the Plaintiff receiving a favorable termination of the criminal proceedings instituted by the City of New York and its agents against the Plaintiff pursuant to the RNC policing policies and practices of the City of New York and its final policy makers.

54.   The Plaintiff suffered loss of liberty, restraint, anxiety, humiliation, embarrassment, mental anguish, emotional distress, and psychological trauma, the valuation of which is substantial and includes, in terms of damages, both compensatory and punitive damages.

55.   The actions, conduct, policies and practices herein described violated the Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

56.   The actions, conduct, policies and practices were otherwise negligent and the proximate cause of the preferral of charges against the Plaintiff and the prosecution of the Plaintiff.

57.   The policies and practices and customs adopted by the City of New York and implemented by its agents and employees during the Republican National Convention and in the days prior to the actual opening of the Republican National Convention, propelled officers to act outside of the bounds of constitutionally prescribed conduct and to push the envelope thereby subjecting the Plaintiff, among others, to false arrest, malicious prosecution, malicious abuse of criminal process, retaliation for the exercise of First Amendment protected speech activities, excessive and unreasonable, and unnecessary force in the form of excessive handcuffing, unnecessary and unlawful and unreasonable fingerprinting and photographing, the denial of

adequate medical treatment, excessive detention, and detention and imprisonment in hostile, health detrimental and welfare detrimental conditions.

58. The actions and conduct taken against the Plaintiff were taken by agents and employees of the City of New York who were acting under color of law and who were otherwise "state actors". While their conduct and actions were wrongful, unconstitutional, and otherwise unlawful they were taken by the City's agents and employees in the course of their respective duties and functions and incidental to the otherwise lawful performance of the same.

59. It is believed that there were New York City Police Officers [both line Officers and command Officers] who were part and parcel of the actions and conduct taken against the Plaintiff during the course of the entire transaction which describes the incident herein and component parts thereof including Command Officers and policy making Officers all or some of whom authorized and sanctioned the conduct practiced and taken against the Plaintiff and which propelled the actions and conduct, in the component parts thereof and their totality, taken against the Plaintiff.

60. The Plaintiff has no other adequate remedy at law but for the institution of this litigation.

FIRST CAUSE OF ACTION

61. The Plaintiff reiterates Paragraph #'s 1 through 60 and incorporates such by reference herein.

62. The Plaintiff was falsely arrested and falsely imprisoned in violation of her rights as guaranteed under the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and Fourth and Fourteenth Amendments to the United States Constitution.

63. The Plaintiff suffered injuries and damages.

## SECOND CAUSE OF ACTION

64. The Plaintiff reiterates Paragraph #'s 1 through 63 and incorporates such by reference herein.

65. The Plaintiff was, <u>inter alia</u>, falsely arrested and falsely imprisoned in violation of the laws and Constitution of the State of New York.

66. The Plaintiff suffered injuries and damages.

## THIRD CAUSE OF ACTION

67. The Plaintiff reiterates Paragraph #'s 1 through 66 and incorporates such by reference herein.

68. The Plaintiff was subjected to unreasonable, unnecessary, and excessive conditions of her seizure and detention, including but not limited to excessive, unnecessary, and unreasonable handcuffing beyond that appropriate and required to fulfill a legitimate law enforcement purpose, in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

69. The Plaintiff suffered injuries and damages.

## FOURTH CAUSE OF ACTION

70. The Plaintiff reiterates Paragraph #'s 1 through 69 and

incorporates such by reference herein.

71. The Plaintiff was subjected to excessive, unnecessary, and unreasonable terms and conditions and of her seizure and detention, including but not limited to excessive, unnecessary and unreasonable handcuffing beyond that required to fulfill a legitimate law enforcement purpose, in violation of her rights under the laws and Constitution of the State of New York.

72. The Plaintiff suffered injuries and damages.

## FIFTH CAUSE OF ACTION

73. The Plaintiff reiterates Paragraph #'s 1 through 72 and incorporates such by reference herein.

74. The Plaintiff was subjected malicious prosecution in violation of the Plaintiff's rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871.

75. The Plaintiff suffered injuries and damages.

## SIXTH CAUSE OF ACTION

76. The Plaintiff reiterates Paragraph #'s 1 through 75 and incorporates such by reference herein.

77. The Plaintiff was subjected to malicious prosecution in violation of her rights under the laws and Constitution of the State of New York.

78. The Plaintiff suffered injuries and damages.

## SEVENTH CAUSE OF ACTION

79. The Plaintiff reiterates Paragraph #'s 1 through 78 and incorporates such by reference herein.

80. The Plaintiff was subjected to medical and health impairing facilities and conditions associated therewith in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983

81. The Plaintiff suffered injuries and damages.

## EIGHTH CAUSE OF ACTION

82. The Plaintiff reiterates Paragraph #'s 1 through 81 and incorporates such by reference herein.

83. The Plaintiff was subjected to medical and health impairing facilities and conditions associated therewith in violation of her rights under the laws and Constitution of the State of New York.

84. The Plaintiff suffered injuries and damages.

## NINTH CAUSE OF ACTION

85. The Plaintiff reiterates Paragraph #'s 1 through 84 and incorporates such by reference herein.

86. The actions and conduct were taken herein for the collateral purpose of punishing the Plaintiff for the exercise of his First Amendment protected speech activities in violation of the Plaintiff's rights under the First Amendment to the United States Constitution.

87. The Plaintiff suffered injuries and damages.

## TENTH CAUSE OF ACTION

88. The Plaintiff reiterates Paragraph #'s 1 through 87 and

incorporates such by reference herein.

89. The actions and conduct were taken herein for the collateral purpose of punishing the Plaintiff for the exercise of her speech activities in violation of the laws and Constitution of the State of New York.

90. The Plaintiff suffered injuries and damages.

## ELEVENTH CAUSE OF ACTION

91. The Plaintiff reiterates Paragraph #'s 1 through 90 and incorporates such by reference herein.

92. The actions and conduct of the Defendant parties were negligent and the proximate cause of the injuries and damages that the Plaintiff suffered.

93. The Plaintiff suffered injuries and damages.

## TWELFTH CAUSE OF ACTION

94. The Plaintiff reiterates Paragraph #'s 1 through 93 and incorporates such by reference herein.

95. The Defendant City's policies and practices, which propelled the actions and conduct herein, including the policies related to the oversight and administration of the RNC demonstrations and marches and including the handcuffing policies and practices and including the conditions of detention oversight and administration policies and practices, violated the Plaintiff's rights as guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution.

96. The Plaintiff suffered injuries and damages.

THIRTEENTH CAUSE OF ACTION

97.   The Plaintiff reiterates Paragraph #'s 1 through 96 and incorporates such by reference herein.

98.   Independent of the negligence claims against the Defendant City and independent of the Monell based claims against the Defendant City, the Defendant City is responsible, under State law and based on State law jurisdiction and pursuant to State law and under the doctrine of respondeat superior, for the wrongful and unlawful acts and conduct of its agents and employees.

99.   The Plaintiff suffered injuries and damages.

FOURTEENTH CAUSE OF ACTION

100.   The Plaintiff reiterates Paragraph #'s 1 through 99 and incorporates such by reference herein.

101.   The actions and conduct of the Command Officers knowingly and/or recklessly and with deliberate indifference to the rights of the Plaintiff sanctioned and ratified the wrongful, unlawful, and unconstitutional conduct and actions of the subordinates officers in violation of the Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and, as well, the laws and Constitution of the State of New York.

102.   The Plaintiff suffered injuries and damages.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction herein and thereafter:

[a] Assume pendent party and pendent claim jurisdiction.

[b] Enter appropriate declaratory and injunctive relief.

[c] Award appropriate compensatory and punitive damages in an amount to be defined and determined.

[d] Award reasonable costs and attorney's fees.

[e] Award such other and further relief as the Court deems appropriate and just.

[f] Convene and empanel a jury.

DATED: New York, New York
July 28, 2005

Respectfully submitted,

_____
JAMES I. MEYERSON [JM 4304]
396 Broadway-Suite # 601
New York, New York 10013
[212] 226-3310
ATTORNEY FOR PLAINTIFF
 BY:_____